Filed 1/21/14 P. v. Borges CA3

<u>**NOT**</u> <u>**TO**</u> <u>**BE**</u> <u>**PUBLISHED**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074197 |
| Plaintiff and Respondent, | (Super. Ct. No. SF123780A) |
| v. | |
| STEVE ALAN BORGES, | |
| Defendant and Appellant. | |

In Stockton on April 22, 2013, defendant Steve Alan Borges drove and was in possession of a black four-door 1997 Honda Civic that belonged to Chelsea Brown. Defendant knew the car was stolen.[1] In July 1986, defendant had been convicted of rape by force. (Former Pen. Code, § 261, subd. (a)(2).)

---

[1] Because the matter was resolved by plea and defendant waived referral to the probation department, our statement of facts is taken from the prosecutor's statement of the factual basis for the plea.

1

Defendant pleaded no contest to unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and admitted a prior serious felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). In exchange, a related count and a prior serious felony allegation were dismissed.

Defendant was sentenced to state prison for four years (twice the middle term),[2] awarded 19 days of custody credit and 19 days of conduct credit (Pen. Code, § 4019), ordered to make restitution to Chelsea Brown in the sum of $1,000 (*id.,* § 1202.4, subd. (f)), and ordered to pay a $280 restitution fine (*id.,* § 1202.4, subd. (b)) plus a $28 administrative fee, a $280 restitution fine suspended unless parole is revoked (*id.,* § 1202.45), a $40 court operations fee (*id.,* § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). Defendant obtained a certificate of probable cause for appeal. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

**2** As appellate counsel noted in her letter to the trial court, dated September 9, 2013, the abstract of judgment should be corrected at item 1 to reflect two years rather than four. The midterm was doubled due to the strike, resulting in an aggregate sentence of four years (accurately noted under item 9 of the abstract). We have received no notice of this correction and therefore shall direct the trial court to do so if it has not.

## DISPOSITION

The trial court is directed to correct item 1 of the abstract of judgment (see fn. 2, *ante*) to reflect a sentence of two years rather than four, with the aggregate sentence of four years being accurate, and to send a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                          BUTZ          , J.



We concur:



      BLEASE          , Acting P. J.



      ROBIE          , J.


3